United States Trust Company of New York, Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondent.

Where taxing officers, in the exercise of an actual jurisdiction over person and subject-matter, commit an error, their action is not void and their assessment may not be attacked collaterally.

*It seems,* the exercise of their discretion is subject to no review or condition except as prescribed by law.

*It seems,* also, the act of 1880 (Chap. 269, Laws of 1880), authorizing writs of certiorari to review assessments, furnishes an adequate remedy to the dissatisfied taxpayer, and confines him to that remedy in all cases where the illegality complained of consists, not in the lack of jurisdiction, but in the commission of errors on the part of the taxing officers, vitiating the assessment and laying it open to cancellation or reversal.

In an action by a trust company, a domestic corporation, to recover back taxes paid by it and assessed upon its capital stock and surplus, as authorized by the act of 1857 (Chap. 451, Laws of 1857), it appeared that plaintiff, during each of the years in which the assessments were made, presented to the tax commissioners a statement of its condition, which showed that except for one year its property, after deducting ten per cent of its capital and its real estate, was exempt from taxation; that the commissioners reduced but refused to cancel the assessments; that plaintiff protested but took no proceeding to review and paid the taxes. *Held,* that the commissioners had jurisdiction over the plaintiff and the subject-matter; and so, that the action was not maintainable.

*People ex rel.* v. *Coleman* (126 N. Y. 433), distinguished.

Reported below, 77 Hun, 182.

(Argued January 15, 1895; decided January 22, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made April 13, 1894, which modified and affirmed as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward W. Sheldon* for appellant. The disputed taxes were imposed without jurisdiction, and were void. (*People ex rel.* v. *Coleman,* 126 N. Y. 433; *People ex rel.* v. *Barker,*

139 id. 55; *McLean* v. *Jephson*, 123 id. 142; *Wilcox* v. *City of Rochester*, 129 id. 247; *Marx* v. *Hawthorn*, 148 U. S. 172; *National Bank* v. *Elmira*, 53 N. Y. 49; *Kennedy* v. *City of Troy*, 77 id. 493; *Chapman* v. *City of Brooklyn*, 40 id. 372.) The fact that the plaintiff did not avail itself of the remedy by certiorari does not prevent its recovery in this action. (*In re Corwin*, 135 N. Y. 245; *People ex rel.* v. *Adams*, 125 id. 47; *Wilcox* v. *City of Rochester*, 129 id. 247; *McLean* v. *Jephson*, 123 id. 142; *Strusburgh* v. *Mayor*, 87 id. 452; *D. C. M. Ins. Co.* v. *City of Poughkeepsie*, 51 Hun, 595.) The taxes in question are recoverable because paid under compulsion. (*Swift* v. *City of Poughkeepsie*, 37 N. Y. 511; *B. & S. G. Co.* v. *City of Boston*, 4 Metc. 181; *People ex rel.* v. *Carter*, 119 N. Y. 557; *Peyser* v. *Mayor*, 70 id. 497; *Bowns* v. *May*, 120 id. 357; *Phelps* v. *Mayor, etc.*, 112 id. 216; *People ex rel.* v. *Atkins*, 121 id. 246.) The payments were induced by mistake as to a material fact, and may on that ground, also, be recovered. (*Tripler* v. *Mayor, etc.*, 125 N. Y. 617; *Strusburgh* v. *Mayor, etc.*, 87 id. 452; *Diefenthaler* v. *Mayor, etc.*, 111 id. 331; *Pooley* v. *City of Buffalo*, 122 id. 602.) The foregoing principles establish the plaintiff's right to recover the taxes paid in 1888, 1889 and 1890, as well as those paid in 1887. (125 N. Y. 631; *Shaw* v. *Peckett*, 26 Vt. 482; *Westlake* v. *St. Louis*, 77 Mo. 47; *Robertson* v. *F. B. Co.*, 132 U. S. 17; *Swift Co.* v. *U. S.* 111 id. 22; Keener on Quasi-Contracts, 430; *Pooley* v. *City of Buffalo*, 122 N. Y. 602.)

*David J. Dean* for respondent. The action at bar involves a collateral attack upon assessments for taxation made by the proper authorities, having jurisdiction of the person and the subject-matter. Such an action cannot be maintained. (*Swift* v. *Poughkeepsie*, 37 N. Y. 511; *Bank* v. *City of Elmira*, 53 id. 49; *In re Catholic Protectory*, 77 id. 342, 343; *McLean* v. *Jephson*, 123 id. 142; *Wilcox* v. *City of Rochester*, 129 id. 247; *Breucher* v. *Vill. of Portchester*, 101 id. 240; *Jex* v. *Mayor*, 103 id. 536; *Horne* v. *Town of New Lots*, 83 id.

100; *In re McMahon*, 67 How. Pr. 113; Dillon on Mun. Corp. § 941; *People ex rel.* v. *Coleman*, 126 N. Y. 433; *In re Corwin*, 135 id. 245.) The taxes paid cannot be recovered because all the payments were made by the plaintiff voluntarily, without duress, and without mistake of fact. (Cooley on Taxn. [2d ed.] 809; *Preston* v. *Boston*, 12 Pick. 7; *McLean* v. *Myers*, 134 N. Y. 480; *Preston* v. *Preston*, 12 Pick. 13; *Peebles* v. *City of Pittsburgh*, 101 Penn. St. 304, 309; *R. Co.* v. *Comrs.*, 98 U. S. 541; *N. Y. & H. R. R. Co.* v. *Marsh*, 12 N. Y. 308; *Lamborn* v. *Comrs.*, 97 U. S. 181; *Benson* v. *Munroe*, 7 Cush. 125; *Mayor, etc.*, v. *Lefferman*, 4 Gill, 425; *Fleetwood* v. *Mayor*, 2 Sandf. 475; *Wilson* v. *Mayor, etc.*, 1 Abb. Pr. 4; *Forrest* v. *Mayor, etc.*, 13 id. 350; *Bank* v. *City of Rochester*, 41 Barb. 341; *Lyon* v. *Richmond*, 2 Johns. Ch. 51; *Flower* v. *Lance*, 59 N. Y. 610; *Peyser* v. *Mayor, etc.*, 70 id. 501; *Lee* v. *Templeton*, 13 Gray, 476; *Cook* v. *City of Boston*, 9 Allen, 393; *Tripler* v. *Mayor, etc.*, 125 N. Y. 627; 139 id. 1.)

Gray, J. The plaintiff brought this action to recover back the sum of $139,765.71; which it had paid to the city in taxes assessed against it upon its capital stock and surplus, during the years 1887, 1888, 1889 and 1890. The grounds for this claim are that the assessments were void and that the payments thereof were induced by duress and made under mistake.

The plaintiff is a domestic corporation; doing business as a trust company in New York city. When assessed, during each of the years mentioned, it presented to the tax commissioners a statement of its condition; by which it was made to appear that, except for the year 1890, its personal property, after deducting ten per cent of its capital and the assessed value of real estate, was invested in securities of the United States and of New York city; which were exempt from taxation. The commissioners upon each of these statements reduced the assessment; but refused to cancel it, as was requested of them. Against their action the plaintiff pro-

tested; but did not take any proceeding in the courts to review it.   The tax for the year 1887 was paid under protest; but for the succeeding three years the payment of the taxes were unaccompanied by any protest.   The mode and manner of their payment become unimportant facts, in the view we take of this case.

We think the General Term correctly held that this action is not maintainable.   The plaintiff seeks to review the determination of the commissioners of taxes, as to the amount for which the plaintiff should be assessed, in a case where their jurisdiction was complete.   The proposition, that the taxes were imposed without jurisdiction, is rested upon our decision in *People ex rel. Union Trust Company* v. *Coleman* (126 N. Y. 433); a case which was decided in 1891, and in which we held, in a proceeding on writ of certiorari to review an assessment of a similar nature, that the assessment should be canceled; because the valuation of the capital stock was fixed by the value in the market of the shares.   There was nothing decided there which warranted the inference that the commissioners of taxes were deemed to have been without jurisdiction of the subject-matter.   We decided that the capital and surplus of a company must be assessed at their own value and that the market value of the shares of capital stock is only to be considered by the assessors where the value of the capital and surplus, either, is not disclosed and cannot be ascertained, or, being disclosed, the assessors have reasons to disbelieve the statement, based upon facts established by competent proof.   That we were condemning the mode taken by the assessors for ascertaining the value of capital stock and surplus, is very evident in the opinion.   The "problem," as Judge Finch said, was "how to value it," and it was because the assessors assumed to tax the company "for the share stock held by individuals," when they were only authorized by the law to tax the actual value of its capital and surplus, that the conclusion was reached that the assessment should be canceled.   In that case, there was jurisdiction in the tax commissioners over the relator and the subject-matter, and we did

not intend to hold otherwise. In the present case, the objection to the proceedings for the assessment of the plaintiff, as in the *Union Trust Company's* case, is that the assessors adopted an erroneous rule for ascertaining the value of the capital stock, and not that there was a defect of jurisdiction to assess.

There was ample jurisdiction over the company and the subject-matter. The subject-matter of assessment was the capital stock and surplus of the plaintiff, which the act of 1857, (Chap. 456), subjected to taxation at the actual value thereof, with the allowance of certain deductions. The law does not prescribe how the value is to be ascertained and it is left to the judgment of the assessing officers. (*People ex rel. Insurance Co.* v. *Coleman,* 107 N. Y. 541.) There were ways to be taken by the assessors which might lead variously, according to the methods resorted to, either to agree with the plaintiff's statement, in which case there would be no personal property liable to taxation; or to disagree and to affix a valuation which, after allowing for legal deductions, would still leave some amount for taxation. In the former event, that there was nothing for taxation did not affect the jurisdiction of the assessors. In the latter event, if the valuation affixed was arrived at by erroneous methods, that was error in procedure and not a jurisdictional defect. There was the power to assess; but it had to be exercised in legal ways, or the assessment might be vacated, or reversed. Had the plaintiff instituted a proceeding to review the action of the commissioners, by suing out a writ of certiorari, it would have been in a position to cancel the assessments by reason of the error in their making. This was the remedy which the statute prescribed for the review of assessments, illegal, erroneous, or unequal, and through which a reversal might be had, and it is the appropriate proceeding at law to correct the errors of the taxing officers. They were acting judicially in assessing the plaintiff and their action had all the force and effect of a judgment; which, while open to review by some direct proceeding prescribed by the law, is secure against collateral

attack.   In *Swift* v. *City of Poughkeepsie* (37 N. Y. 511), it was held that the act of assessment was a judicial act by officers having jurisdiction and could not be questioned by a collateral action.   This case has been followed as an authority upon this point; though " it is not an authority to establish that money received for a tax illegally assessed without jurisdiction may not be recovered back in any case."   (Per Folger, Ch. J., in *Newman* v. *Supervisors, etc.*, 45 N. Y. at p. 685.)   In such a case, that is, where there was no jurisdiction in the taxing officers over the person and subject-matter to impose a tax at all, their assessment is void and is a nullity, and an action at law will lie to recover back moneys paid in satisfaction of it; without first having it set aside.   (*Bruecher* v. *Village of Port Chester*, 101 N. Y. 240.)   But where, in the exercise of an actual jurisdiction over person and subject-matter, the taxing officers commit an error, their action, though reviewable in a proper proceeding, is not void and their assessment is protected against collateral attack, as they themselves also would be.   The exercise of their judgment is subject to no review or condition, except as prescribed by law. (*People ex rel. Insurance Co.* v. *Coleman, supra.*)

For the plaintiff it is argued that the proceeding by writ of certiorari was in enlargement and not in restriction of the taxpayer's remedies, and could not be regarded as a remedy exclusive in its nature.   In our opinion the act of 1880 (Chap. 269), which provided for the allowance of writs of certiorari, furnished an adequate remedy for the dissatisfied taxpayer and confined him to its adoption, in all cases where the illegality of the proceedings of the taxing officers consisted, not in a lack of jurisdiction on their part to act, but in the commission of errors which vitiated the assessment and laid it open to cancellation or reversal.

It is necessary for the protection of the taxing officers that an attack upon their action should be limited to that which is direct and in the nature of an appeal from it, where that action has been with jurisdiction; and the irresistible inference seems to be that when the legislature has created a sys-

tem of procedure for the review and correction of assessments, as it has by the act of 1880, it was intended to be an exclusive one.

The care and thoroughness with which the question was considered at the General Term render it unnecessary for us to discuss it here at further length. As the conclusion we reach disposes of the plaintiff's claim to recover the sums paid to the city, other questions need not be referred to.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.