Matter of the Petition of GEORGE J. YOUNG, for an Order to Compel the Board of Supervisors of Oneida County to Refund Taxes, Etc.

(County Court, Oneida County, January, 1899.)

1. **Taxation** — Refund not granted for a mere inequality.

> A proceeding for the refund of a tax, taken under section 16 : chapter 686 of the Laws of 1892 and sections 40 and 53 of chapter 8 of the Laws of 1896, cannot be maintained where there is only a irregularity in the proceedings of the assessors who levied the assessment.

2. **Same** — Failure of assessors to meet on grievance day is not a jurisdictional defect.

> The failure of the assessors to meet on grievance day is onl an irregularity and is not a jurisdictional defect.

THIS is a motion pursuant to section 16, chapter 686 of the ws of 1892, and sections 40 and 53 of the General Tax Law (aws of 1896, chap. 908), to compel the board of supervisors to rund a tax upon petitioner's property which is alleged to have een

illegally assessed by reason of an over-valuation of the property, and because the assessors failed to meet on grievance day.

George C. Carter, for motion.

J. K. O'Connor, opposed.

DUNMORE, J.    The failure of the assessors to meet on grievance day is an irregularity and not a jurisdictional defect.    People v. Turner, 145 N. Y. 451.

That omission, therefore, did not render the assessment void, but merely voidable in a direct proceeding for that purpose.    The assessors had jurisdiction over the person and property of the applicant, and if they committed an error their action was not void and their assessment could not be attacked collaterally.    United States T. Co. v. Mayor, 144 N. Y. 488.

A proceeding of this kind cannot be maintained where there is only an irregularity in proceedings of the assessors in levying the assessment.    The petitioner has, therefore, mistaken his remedy, and the proceeding must be dismissed, with costs.

Proceeding dismissed, with costs.