(91 App. Div. 303.)

### CITY OF NEW YORK v. VANDERVEER.

(Supreme Court, Appellate Division, First Department. February 11, 1904.)

1. TAXES—ACTION TO COLLECT—ISSUES.

An answer in an action to collect a city personal property tax, admitting defendant's residence, and denying knowledge or information sufficient to form a belief as to the other allegations of the complaint, puts in issue all essential averments, and requires proof by plaintiff, among other things, of a valid assessment roll.

2. SAME—ASSESSMENT ROLL—COLLATERAL ATTACK.

In an action to collect a city personal property tax the establishment of a valid assessment roll is an essential of the cause of action; but once proved it has the force of a judgment, and cannot be assailed by defendant, as that would be a collateral attack.

3. SAME—TAX OFFICIALS—JUDICIAL NOTICE.

Courts will take judicial notice of the existence of the taxing branch of the government, state and municipal, and that tax officials are at least de facto officers, whose acts are to be given the same force and effect as those of other public officers.

4. SAME—AFFIDAVIT OF DEPUTY TAX COMMISSIONER—CONCLUSIVENESS.

An affidavit of a deputy tax commissioner of New York City, attached to an assessment roll, to the effect that it contains a record of the assessed valuation of the personal estate in detail of the taxable property of the residents of a certain borough, the affidavit being made in compliance with section 889 of the charter (Laws 1897, p. 317, c. 378), and in the form therein prescribed, is conclusive of the fact recited, and cannot be questioned by such a resident in an action to collect a city personal property tax.

5. SAME—CERTIFICATES.

By New York Charter, § 907 (Laws 1897, p. 325, c. 378), the board of taxes and assessments is required to annex to the assessment roll their certificate that the same is correct, and in accordance with the entries of the several tax rolls of record. The action of the municipal assembly in determining the amount to be raised by taxation and in levying the tax, etc. (Charter §§ 247–249, 900, 902; Laws 1897, pp. 87, 88, 322, 323, c. 378), is required to be certified by the city clerk. *Held*, that such certificates were conclusive of the facts recited, and could not be questioned by a defendant in an action to collect a city personal property tax.

6. SAME—TAX WARRANT—EXECUTION BY VICE PRESIDENT OF COUNCIL—PRESUMPTION AS TO REGULARITY.

The vice president and acting chairman of the New York city council, being authorized to act in the absence of the president, it will be presumed that, when a tax warrant executed by him under the seal of the office was so executed, the conditions existed which required him to act.

7. SAME—RECORD OF ASSESSMENT—INSPECTION—PUBLICATION OF NOTICE—DESIGNATION OF NEWSPAPERS.

New York City Charter, § 892 (Laws 1897, p. 318, c. 378), requires that the annual record of the assessed valuation of property shall be open for public inspection from the second Monday in January till April 1st, and that previous to and during such period such fact shall be advertised in the City Record and in such other newspaper or newspapers published in the several boroughs as may be authorized by the board of city record. *Held*, that publication in the City Record was sufficient, unless the board had also designated some other paper.

8. SAME—PRESUMPTION.

In the absence of anything in the record of tax proceedings to show such designation by the board, it will be presumed that none was made.

9. SAME—BURDEN OF PROOF.

The burden is on a defendant in an action to collect a city personal property tax to show that the annual record of assessed valuations was

not kept open for public inspection from the second Monday in January till April 1st, as required by New York City Charter, § 892 (Laws 1897, p. 318, c. 378), the presumption being that the officers performed their duty in this regard.

**10. SAME—CERTIFIED COPY OF ASSESSMENT ROLL—ADMISSIBILITY.**

Code Civ. Proc. § 933, requires that copies of official records, to be admissible in evidence, shall be certified by the clerk or officer having custody of the original, or his lawful deputy, under his official seal, "or by the presiding officer, secretary or clerk of the public body or board, appointed pursuant to law, under his hand, and, except where it is certified by the clerk or secretary of either house of the Legislature, under the official seal of the body or board." *Held,* that a copy of an assessment roll having attached the affidavit and certificate of the chief clerk of the department of taxes, taken before a notary, but not having attached either the seal of the clerk's office, if there is one, or of the department, is not admissible.

**11. SAME—ESTOPPEL TO CONTEST—VALIDITY.**

A defendant in an action to collect a city personal property tax is not shown to be estopped to question the validity of the assessment roll by the fact that his assessment was reduced, it not appearing that the reduction was on his application, or that he appeared before the board of taxes and assessments.

Appeal from Trial Term, New York County.

Action by the City of New York against John Vanderveer. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frederick A. Mygatt, for appellant.

Martin Saxe, for respondent.

HATCH, J. This action was brought to collect the amount of a personal tax for the year 1899, alleged to have been duly assessed upon the defendant by the city of New York. The complaint sets up the usual allegations in an action for the collection of a personal property tax, the due assessment of the defendant as a resident of the borough of Brooklyn in the city of New York, the preparation of the annual record, and the opening of the books for examination and correction, the delivery of the assessment rolls to the municipal assembly, the extension of the tax on the rolls, with the proper warrant by the municipal assembly to the receiver of taxes, and the publication of notice thereof. The defendant, in his answer, admits that he was a resident of the borough of Brooklyn in the year 1899, but denies knowledge or information sufficient to form a belief as to the truth of any of the other allegations of the complaint. The answer of the defendant constitutes a good denial within the provisions of the Code, and, as such, it put in issue all of the essential averments of the complaint, and the plaintiff became bound to prove its cause of action in order to entitle it to recover. Such case required it to establish a valid assessment roll imposing a liability upon the defendant which can be enforced. In levying the assessment the assessors act judicially, and their action has all the force and effect of a judgment. U. S. T. Co. v. Mayor, 144 N. Y. 488, 39 N. E. 383. A judgment regular upon its face imports absolute verity, and in an action thereon the record forms the basis for it, and it is neither to be increased nor diminished in the obligation created thereby. Dimick v.

Brooks, 21 Vt. 569. Such judgment is not open to nor can it be questioned collaterally. In this respect there is no distinction between an action to enforce a tax duly levied by the proper officers and evidenced by the assessment roll, and an action to recover moneys collected and paid under an assessment. Swift v. City of Poughkeepsie, 37 N. Y. 511. In each case no question can be raised resting upon mere erroneous acts of the assessors not reaching questions of jurisdiction. Each are alike collateral attacks which attempt to question such matters. There is this distinction, however: In an action to enforce the tax, the establishment of a valid roll is a part of the cause of action, and must be made out by proper proof. If there is failure in this respect, it constitutes failure of proof in the establishment of the cause of action; but, a valid roll being established, is conclusive of the plaintiff's right to recover, and is not open to attack by the defendant in the action.

This brings us to a consideration of the law authorizing the tax, and the evidence in support of the roll. Courts will take judicial notice of the existence of the taxing branch of the government, state and municipal, and that officers exercising the various functions of levying a tax and performing the duties of a taxing officer under the statute are at least de facto officers for such purpose, and give force and effect to their acts in like manner as they do to the acts of other public officers. 17 Am. Ency. of Law, 914 et seq.; Nelson v. The People, 23 N. Y. 293; Potter v. Luther, 3 Johns. 431; Hand v. Supervisors of Columbia County, 31 Hun, 531; Wood v. Terry, 4 Lans. 80; Mayor v. Sands, 105 N. Y. 210, 11 N. E. 820. Presumptively, therefore, the officers making up this tax roll had authority to act, and, if such action is properly taken according to law, and properly evidenced, it constitutes a valid assessment. The certified copy, in the present case of the assessment roll, shows that Robert E. L. Howe was one of the deputy tax commissioners of the city of New York; that he made an affidavit, and attached the same to the roll, to the effect that it contained a record of the assessed valuation of the personal estate in detail of the taxable property of the residents of the borough of Brooklyn, in which jurisdiction the defendant resided. This was in compliance with the provisions of section 889 of the charter (Laws 1897, p. 317, c. 378) and, being in the form required, is conclusive of the fact, and may not be questioned by the defendant in this action. Inman v. Coleman, 37 Hun, 170. After the assessed valuation had been arrived at by the deputy tax commissioner and placed in the assessment roll, it is required that the board of taxes and assessments shall annex to said roll their certificates that the same are correct, and in accordance with the entries of the several tax rolls of record. Charter, § 907, Laws 1897, p. 325, c. 378. Such certificate by the board appears attached to this roll in the form required by the charter provisions. It is then provided that the comptroller shall prepare and submit an itemized statement of the city's requirements, and the municipal assembly is required to make up from the statement so made and determined the total amount which is necessary to be raised by taxation, and sitting in joint session are required to levy and collect the tax therein provided. Charter, §§ 247–249, 900, 902 (Laws 1897, pp. 87, 88, 322, 323, c. 378).

Prior to the time of taking such action the assessment rolls certified by the board of taxes and assessments are required to be delivered to the municipal assembly.   Section 907.   Such action by the municipal assembly is certified under the hand and seal of the clerk of the city to have been adopted by the municipal assembly, as required by the provisions of the charter to which we have called attention.   So far this assessment roll was properly made up, and no jurisdictional defect appears.   The certificates, being in compliance with law, are conclusive of the fact that the acts and steps taken were so taken as therein evidenced and the defendant is concluded by the recitals contained therein, and cannot question their verity.   Brooklyn El. R. R. Co. v. Brooklyn, 11 App. Div. 127, 42 N. Y. Supp. 683; Matter of Hermance, 71 N. Y. 481, 488.   The only method by which such acts can be questioned is by a direct proceeding to set them aside.   U. S. T. Co. v. Mayor, supra.   The next step in the proceeding is the procurement of the warrant by the city clerk to be evidenced under the hands and seals of the president of the council and board of aldermen, respectively. Such warrant, properly executed pursuant to the provisions of sections 911 and 909 of the Charter (Laws 1897, pp. 325, 326, c. 378) appear in the case.   The warrant herein appears to have been executed by John T. Oakley, vice president and acting chairman of the council.   It appears under the seal of the office.   He was authorized so to act in the absence of the president and the presumption is that the conditions existed which required him to act.   The rolls were then required to be delivered by the municipal assembly to the receiver of taxes, and it is made to appear by the affidavit of J. S. Van Wyck, a deputy receiver of taxes, that compliance was had with the law in this respect.   By the provisions of section 892 of the charter (Laws 1897, p. 318, c. 378) it is required that the annual record of the assessed valuation of real and personal estate shall be kept in books which shall be open for public inspection, examination, and correction from the second Monday in January until the 1st day of April in each year.   On the last-mentioned date they shall be closed, and that "the said board previous to and during the time the said books are open as aforesaid shall advertise the fact in the City Record, and in such other newspaper or newspapers published in the several boroughs created by this act as may be authorized by the board of city record."   It is indisputable from this provision that the only requirement as to publication is in the City Record, unless the board of city record shall designate another newspaper or newspapers published in the borough, in which event publication shall be made in them.   The record in the present case is silent as to any order or direction given by the board of city record to publish in any other newspaper or newspapers a notice that the books were open for inspection. The validity of the tax or the assessment did not depend upon the publication of notice in any other paper or papers than in the City Record, and it appears from this record that such notice was published in a newspaper named in this section of the charter; consequently, compliance was had with the law in this respect.   Proof of publication in other newspapers was not required to be made, unless designated by the board in their discretion, and, in the absence of any proof upon that subject, we may assume that they made no such designation, and as

the publication appeared in the City Record, everything essential in this respect was done which was necessary to be done.

It is claimed by the appellant that the plaintiff failed to establish that the annual record of the assessment was kept open for examination and correction from the second Monday of January, 1899, until the 1st day of May, 1899, as required by section 892 of the charter (Laws 1897, p. 318, c. 378). The only evidence offered upon this subject was of the publication of the tax notices that the taxbooks were open, and that an opportunity was given for their examination in accordance with the requirements of the law. If affirmative proof was required to be made by the city of the keeping open of the books, it is quite probable that mere publication of the notice would not be sufficient in establishment of it, as a publication of the notice is one thing and the keeping open of the books quite another. The publication of the notice did not keep the record open any more than the keeping open of the record for inspection would answer the direction to publish. It is noticeable, however, that there is no charter provision which requires the act of keeping open the books to be in any manner certified by the officers charged with such duty. The requirement is that they shall be kept open, and as the statute is silent with respect to the evidencing of such act, and all of the certificates are made which the statute requires to be made in order to evidence the roll, that as to the act of keeping open the legal presumption applies that the officers have performed their duty in this respect, and that the burden therefore is cast upon the defendant to make it otherwise appear, if such is the fact. McLaughlin v. Miller, 124 N. Y. 510, 26 N. E. 1104; Hand v. Supervisors, etc., supra; Wood v. Terry, supra; Wood v. Morehouse, 45 N. Y. 368. Up to this point we have treated this record as though it had been brought into court from the proper officers having its custody, and proven by such officers. Such, however, was not the fact. A copy of that part of the record containing an assessment against the defendant and the certificates of the proper officers were all that were produced, and attached thereto is the affidavit and certificate of Richard N. Arnow, chief clerk of the department of taxes, taken before a notary public, in which he states that the foregoing is a true copy taken from the annual record of assessed valuation of real and personal estates in the borough of Brooklyn, residents, 1897, on file in the main office of the department of taxes and assessments in the city of New York, and that the indorsement thereon is a true copy of the oath annexed to the record. This proof is fatally defective in the establishment of a valid assessment roll, unless some statute interposes to make Arnow's certificate evidence of the facts contained in such record. It is claimed by the respondent that such certificate is authorized by section 933 of the Code of Civil Procedure, and is therefore evidence of the facts contained therein. By this section copies of records and papers in certain offices are made presumptive evidence. These papers evidently fall within the category of papers which may be certified and are within a public office recognized therein; but to entitle the same to be received in evidence they must be certified by the clerk or officer having the custody of the original, or his deputy or clerk

appointed pursuant to law, under his official seal, and the hand of the person certifying, "or by the presiding officer, secretary or clerk of the public body or board, appointed pursuant to law, under his hand, and, except where it is certified by the clerk or secretary of either house of the Legislature, under the official seal of the body or board." It thus appears that, in order to make the transcript evidence where the certificate is made by a clerk or other officer, body, or board, it must be under the seal of the officers or of such body or board, except it be of legislative proceedings, when it may be certified by the clerk or secretary of either house without a seal. Arnow's certificate in the present case has no seal attached to it, either of his own (if there is a seal attached to the office) or of the seal of the officers or the body or board which makes the certificate evidencing the correctness of the proceedings. Consequently this certificate is not such as is authorized by law to be made to entitle the transcript to be read in evidence, in consequence of which the objection to its admission was well taken, and resulted in there being no competent evidence before the court of any assessment whatever.

The provisions of the Code are to be strictly complied with, as only in the manner and form therein prescribed can a transcript be received in evidence. Either the books and officers themselves, who have knowledge of the subject, must be produced, or the certificate must be evidenced by a proper officer, with the proper seal of the officer attached. The records themselves purport to be evidenced by seals of the respective officers, except in the case of the commissioners of taxes and assessments and of the city clerk, and it is quite possible that a proper certificate could be made. It has not, however, been done in the present case.

It is claimed that the defendant is estopped from questioning the validity of the roll, and therefore of the tax, for the reason that he appeared before the board of taxes and assessments and procured a reduction of his assessment. The only fact offered in support of such claim is contained in the entries of the tax, but all that is to be gathered therefrom is that the defendant was at one time assessed for $20,000, and the amount of such assessment was corrected by reducing it to the sum of $5,250. There is nothing appearing therefrom showing or tending to show that the defendant appeared, or that the correction was made upon his application. This evidence is quite insufficient, therefore, upon which to base an estoppel.

It is quite evident, within the rules we have announced, that the plaintiff can make proof of a valid assessment, and, if so, it will be entitled to judgment. In the present case we are constrained to hold that this has not been done.

Judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; LAUGHLIN, J., in result.