THE CITY OF NEW YORK, Appellant, *v.* CHASE, TALBOT & COMPANY, Respondent.

Tax — action to collect, from corporation, a personal tax in arrears — when it is error to dismiss such action because assessment was erroneous or because corporation is unable to pay tax.

An action against a corporation, to collect a personal tax in arrears, should not be dismissed under the provisions of section 301 of the Tax Law (Cons. Laws, ch. 60), upon the ground that the assessment under which the tax was levied was erroneous because the just indebtedness of the defendant was greater than the value of its personal property, where the defendant made no attempt to secure from the tax commissioners, or through certiorari, the cancellation, or correction, of such assessment; nor should a dismissal be granted upon the ground that the defendant was unable, for want of property, to pay the tax in whole or in part, where it appears that although insolvent in the sense that its liabilities exceed its assets, it has property of a value greater than the amount of the tax which may be utilized for its collection.

*City of New York* v. *Chase, Talbot & Co.*, 148 App. Div. 284, reversed.

(Argued April 30, 1912; decided June 11, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

1

December 29, 1911, which reversed an order of Special Term denying a motion to dismiss the complaint and granted said motion.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel* (*Curtis A. Peters* and *William H. King* of counsel), for appellant. Section 301 of the Tax Law does not authorize dismissal of this action on the ground that the defendant corporation is unable for want of property to pay the tax, for the undisputed facts show that it has property, is a going concern, and is capable of paying indebtedness in whole or in part.   (L. 1905, ch. 348, § 259a.)   The fact that the defendant's sworn statement upon which the assessment was founded was erroneous did not bring the case within the provisions of section 301 of the Tax Law, authorizing dismissal upon the ground that dismissal would be "just," nor constitute an "equitable defense" warranting dismissal under section 934 of the charter.   (*City of New York* v. *Holzderber*, 122 App. Div. 918; 197 N. Y. 507; *City of New York* v. *Assurance Co.*, 129 App. Div. 904; *Brown* v. *Otis*, 98 App. Div. 554; *Matter of McLean*, 138 N. Y. 158; *Hilton* v. *Fonda*, 86 N. Y. 339; *Matter of Cooper*, 93 N. Y. 507; *City of New York* v. *Tucker*, 91 App. Div. 214; *People ex rel. M. U. Tel. Co.* v. *Comrs.*, 99 N. Y. 254; *City of New York* v. *Vanderveer*, 91 App. Div. 303.)

*George H. Mallory* and *Henry G. Fritsche* for respondent.

COLLIN, J.   The action was brought to collect from the defendant, a domestic corporation of the city of New York, a personal tax of $2,355.31 imposed in 1907.   Section 301 of the Tax Law (Cons. Laws, chap. 60), formerly chapter 374 of the Laws of 1909, provides: "Where the

person or corporation against whom a proceeding or suit is brought to collect a personal tax in arrears is unable for want of property to pay the tax in whole or in part, or where for other reasons upon the facts as they existed either before or after the assessment was made it appears to the court just that said tax should not be paid, the court may dismiss such suit or proceeding absolutely, without costs, or on payment of such part of the tax as may be just or on payment of costs, and may direct the cancellation or reduction of the tax." The defendant applied, under the statute, to the Special Term for an order dismissing the action. The motion was denied. The Appellate Division, upon the appeal of the defendant, reversed the denial and granted the motion and the plaintiff has appealed to this court.

The application of the defendant was based upon two facts: the one, that the assessment under which the tax was levied was erroneous because the just indebtedness of the defendant was greater than the value of its personal property; the other, that the defendant was unable for want of property to pay the tax in whole or in part.

The defendant is not in a position to urge that the assessment was erroneous. The jurisdiction of the tax commissioners was complete, and the assessment made by them in the exercise of their judicial functions can be reviewed, in the absence of fraud or imposition, only in the methods provided by statute. Those methods were the application by the defendant to the tax commissioners during the grievance days, from the second Monday in January to the first day of April, for the correction of the erroneous assessment, and, failing in that, to review their action by the writ of certiorari. (Greater New York Charter, sections 892, 895, 898, 906; *Mercantile Nat. Bank* v. *Mayor, etc., of N. Y.*, 172 N. Y. 35; *U. S. Trust Co.* v. *Mayor, etc., of N. Y.*, 144 N. Y. 488.) The certiorari provided by the statute is, whenever the application to the taxing officers for correction is unsuccessful,

the remedy at law for the review of assessments, illegal, excessive or unequal. The reasons which, under section 301 of the Tax Law, shall make it appear to the court just that the tax imposed within the jurisdiction of the taxing officers should not be paid must be reasons other than those which may be considered in certiorari. It was incumbent upon the defendant to secure from the tax commissioners, or through certiorari, the cancellation of the assessment, and it made no attempt to effect such result. The section 301 did not empower the court to dismiss the complaint in this action on the ground that the assessment was erroneous. The fact that an unauthorized and erroneous statement of the financial condition of the defendant was delivered to the tax commissioners prior to the assessment, which was made in conformity with it, did not affect the position or rights of the parties. The statement did not bar or relieve the defendant from applying through the grievance period for the remission of the assessment. If the statement was unauthorized and not the statement of defendant, it was wholly negligible. If it were authorized but erroneous through ignorance or mistake, the defendant was free to prove to the tax commissioners that fact and its true financial condition. There was no statute which made it, under such circumstances, conclusive and an estoppel upon the defendant.

The defendant was not "unable for want of property to pay the tax in whole or in part," and the complaint should not have been dismissed upon that ground. The defendant is a going concern. It was insolvent in the sense that its liabilities exceeded by a very substantial sum the value of its assets. It had property of a value far greater than the amount of the tax. Incorporated in 1906, it has apparently been able to pay from its property its debts and no reason appears why its property cannot be used by it to pay this tax. The statute does not make a tax a deferred liability to be paid only from a surplus of

property over and above that required to discharge all the other liabilities of the taxpayer. The taxpayer is not unable for want of property to pay his tax in whole or in part when he owns property which may be reached through the processes and procedure authorized by law to be utilized for its collection.

The order of the Appellate Division should be reversed and that of the Special Term reinstated, with costs in both courts to the plaintiff.

HAIGHT, J. (dissenting). The defendant, a domestic corporation, was assessed for the year 1907 the sum of $2,355.31 upon the valuation of its personal property in the sum of $158,700. The tax not having been paid, the city brought action to recover the same, and thereupon the defendant interposed, as an equitable defense, in substance, that it was insolvent, had not money sufficient to pay the taxes, and demanded judgment that the court "exercise the discretion reposed in it by the statute in such case made and provided by dismissing the complaint without costs or on payment of costs." Thereupon a motion was made for judgment based upon the testimony and affidavits appearing in the record, under section 301 of the Tax Law, which provides as follows: "Where the person or corporation against whom a proceeding or suit is brought to collect a personal tax in arrears is unable for want of property to pay the tax in whole or in part, or where for other reasons upon the facts as they existed either before or after the assessment was made it appears to the court just that said tax should not be paid, the court may dismiss such suit or proceeding absolutely, without costs, or on payment of such part of the tax as may be just or on payment of costs, and may direct the cancellation or reduction of the tax." The Appellate Division, upon a careful consideration of the facts, has reached the conclusion that the tax was unjust, and that the defendant was unable for want of

property to pay the tax in whole or in part, and should thereupon be relieved from its payment.

It will be observed that the statute is very broad, and that it vests in the Supreme Court the power, in the exercise of its discretion upon the facts as they existed before or after the assessment was made, to grant relief to the party taxed by dismissing the suit absolutely or on payment of such part of the tax as may be just.

This court, under the provisions of the Constitution, is limited to the review of questions of law only. I am unable to find in the record any question of law presented for our determination. The only questions argued in the case are questions of fact upon which the statute has vested the Supreme Court with the power to exercise its discretion in determining the relief that "may be just." It cannot well be contended that there was *no* evidence to support the conclusion reached by the Appellate Division, for Mr. Talbot, the president of the company, testified that the condition of the corporation "is such and was then such as to make it impossible to pay this tax. The corporation is absolutely unable because of money means to pay this tax, and should a judgment be entered against it therefor, it inevitably means the ruin of the company. Q. Do you mean that the corporation at the present time is unable to pay $2,355 ? A. I do."

I, therefore, favor a dismissal of the appeal.

CULLEN, Ch. J., GRAY, WERNER and HISCOCK, JJ., concur with COLLIN, J.; VANN, J., concurs with HAIGHT, J.

Order reversed, etc.