Young Women's Christian Association of the City of New York, Respondent, *v.* The City of New York, Appellant.

First Department, March 4, 1927.

Taxation — exemption under Tax Law, § 4, subd. 7, on ground that plaintiff's property in New York city was used exclusively for charitable, benevolent or educational purposes — action in equity to cancel as cloud on title part of taxes on exempt part of building — board of taxes and assessments had jurisdiction since part of building was not exempt — assessment was not illegal — plaintiff's only remedy is by certiorari on theory of overvaluation.

This action in equity to cancel as a cloud on title the tax assessed on that portion of the plaintiff's property which is exempt, under subdivision 7 of section 4 of the Tax Law, in that it is used exclusively for charitable, benevolent or educational purposes, cannot be maintained. It appears that a small part of plaintiff's building consisting of two small shops or stores, is rented and is subject to tax. Therefore, the board of taxes and assessments of New York city had jurisdiction and its action in assessing the property is not illegal. The plaintiff's only remedy is by certiorari to review the assessment on the ground that it is erroneous because of overvaluation.

Appeal by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the

office of the clerk of the county of New York on the 16th day of April, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

*William H. King* of counsel [*Isaac Phillips* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellant.

*Richard Ely* of counsel [*Hedges, Ely & Frankel*, attorneys], for the respondent.

O'MALLEY, J.   This is an action in equity to cancel as a cloud on title a certain portion of the taxes assessed on plaintiff's real property for the years 1920, 1921, 1922 and 1923.   The action is based upon subdivision 7 of section 4 of the Tax Law (as amd. by Laws of 1918, chap. 288, and Laws of 1921, chap. 446),* which exempts from tax those portions of premises used exclusively for charitable, benevolent or educational purposes.   Plaintiff's evidence was sufficient to warrant a finding that by far the greater portion of its property is used exclusively for the purpose of a colored women's lodging house, and that the portion so used is tax exempt.

Concededly, however, a small portion consisting of two small shops or stores is not so used and such portion is subject to tax. For the years in question the assessments on which the tax is based were levied upon the whole property.   By this action it is sought to have canceled that portion of the tax imposed upon the exempt portion of the premises upon the theory that such portion is illegal. Accordingly plaintiff gave evidence tending to show the value of that part of its property conceded to be taxable.   The court has found such value and has directed the cancellation of the tax on the exempt portion of the premises upon condition that plaintiff pay a tax apportioned on the basis of the value of such non-exempt portion.

Counsel for the city attacks the judgment upon the ground that plaintiff's sole remedy was by certiorari and not by an action of this character.   It is urged that because a part of the property is conceded to be taxable, the board of taxes and assessments had jurisdiction; that the assessment, therefore, is not illegal and is reviewable only by certiorari on the theory of overvaluation, and not by collateral attack in an action of the character here instituted.   If appellant's position in this respect be sound the judgment must be reversed.

We are of opinion that this case comes within the principles of *People ex rel. Soeurbee, Inc.,* v. *Purdy* (179 App. Div. 748; affd.,

---

* Since amd. by Laws of 1924, chap. 489.— [REP.

222 N. Y. 657) and that under the reasoning in that case the assessments attacked herein may not be regarded as illegal. Here, as there, the assessors had jurisdiction by reason of the fact that part of the property assessed was subject to the tax. The assessment was not illegal, therefore, but erroneous for overvaluation and plaintiff's sole remedy was by certiorari. (*People ex rel. Soeurbee, Inc.,* v. *Purdy, supra; U. S. Trust Co.* v. *Mayor,* 144 N. Y. 488; *National Bank of Chemung* v. *City of Elmira,* 53 id. 49; *City of New York* v. *Vanderveer,* 91 App. Div. 303; *Young Women's Christian Assn.* v. *City of New York,* 217 id. 406, 410.)

*National Bank of Chemung* v. *City of Elmira (supra)* dealt with an assessment wholly void. The action was for the unlawful taking and conversion of the amount of the tax claimed to have been illegally collected. The tax being void, plaintiff's right to recovery was sustained. But the distinction between a tax void for illegality and one erroneous was recognized and defined. It was said (p. 58): "The former [erroneous] is when the officers have power to act, but err in the exercise of the power; the latter [illegal] where they have no power to act at all."

While it was there held that the remedy by certiorari was inadequate, it was pointed out that such remedy was the proper method to review an erroneous assessment. In this connection the court said (p. 53): "Some of the duties of assessors are judicial in their nature, and as to these, when acting within the scope of their authority, they are protected from attack, collaterally, to the same extent as other judicial officers."

In discussing instances where assessors have and where they are without jurisdiction, a case quite analogous to the case now under consideration was called to attention. It was said (p. 54): "*Weaver* v. *Devendorf* (3 Den. 118) will serve to show the distinction between a case where the assessors have jurisdiction and where they have not. That was an action by a minister for not allowing him the statutory exemption of $1,500. It appeared that he had more property than the amount of the exemption, and was therefore taxable. The assessors had jurisdiction to act, and were not liable for making the assessment too high. BEARDSLEY, J., said: ' It was, therefore, not a case in which the property of the plaintiff was totally exempt from taxation, and over which the defendants had no jurisdiction whatever, but one in which they were authorized and required by law to make an assessment of the property, even if the owner was a minister of the gospel.' The case was properly decided upon the ground that in fixing the value of property the power exercised is judicial."

*U. S. Trust Co.* v. *Mayor (supra)* was an action to recover back

taxes paid by the plaintiff upon the ground that the assessments were void and payment of the taxes was induced by duress and under mistake. It developed that the assessments were not void as claimed. The assessors were shown to have had jurisdiction and at most to have committed error in method. In connection with the plaintiff's right of remedy the court said (p. 492): " Had the plaintiff instituted a proceeding to review the action of the commissioners, by suing out a writ of certiorari, it would have been in a position to cancel the assessments by reason of the error in their making. This was the remedy which the statute prescribed for the review of assessments, illegal, erroneous, or unequal, and through which a reversal might be had, and it is the appropriate proceeding at law to correct the errors of the taxing officers."

*Young Women's Christian Assn.* v. *City of New York (supra)* was a decision of this court where the plaintiff now before us sought to have canceled as a cloud on title a tax upon its property claimed by it to be entirely exempt. It had judgment below, but on appeal to this court the judgment was reversed upon the ground that the evidence failed to establish the plaintiff's claim to full exemption, because part of its premises were used for a restaurant open to the public and thus conducted at a profit. It was held that as part of the property assessed was not exempt the tax assessors had jurisdiction and the assessment was, therefore, not illegal. It was said by Mr. Justice WAGNER: " Accordingly the assessment here complained of cannot be attacked as illegal because of error in overvaluation. The only relief to the taxpayer is by certiorari proceedings as prescribed by the statute."

Respondent contends that even though the assessment be regarded as erroneous for overvaluation rather than illegal, it is not confined solely to the remedy by certiorari. In support of this our attention is called to the decision in *Matter of Donner-Hanna Coke Corporation* (212 App. Div. 338; affd., 241 N. Y. 530). In that case petitioner succeeded in a mandamus proceeding in compelling an apportionment of an assessment upon property in different ownerships located in the city of Buffalo. The buildings and improvements were owned by the United States and title in the land was vested in the petitioner. The assessment had been levied upon the whole property. While it was held that the assessment thus made was illegal for lack of jurisdiction in the assessors over the portion of the property exempt from taxation, it is to be observed that the proceeding was by mandamus for a proper apportionment of the tax under a special provision of the charter of the city of Buffalo. The Court of Appeals seems to have expressly based its affirmance upon this charter provision. Under the

Greater New York Charter we may review the *entire* assessment only. (*People ex rel. Soeurbee, Inc.,* v. *Purdy, supra,* 751.) The decision in *Matter of Donner-Hanna Coke Corporation* (*supra*) is not, therefore, in conflict with any of the authorities upon which our decision is based.

It follows that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.