THE HORSE AID SOCIETY, Appellant, v. TOWN OF NEW CASTLE, Respondent.— Plaintiff's exceptions sustained to the first, second and third conclusions of law in the decision, and those conclusions are struck out as unnecessary to the decision. In all other respects the plaintiff's exceptions are overruled and the judgment is unanimously affirmed, with costs. As to the years in which assessments were made on the real property when the plaintiff was a tenant thereof, the assessments are legal. There was no assessment of plaintiff's leasehold and the owner could not claim exemption. When the plaintiff made its complaint to the assessors on May 13, 1932, it was not the owner of the property. The assessment roll was

duly filed June 1, 1932. Thereafter it did not present its claim for exemption to the board of assessors on grievance day, furnishing the facts upon which its claim for exemption was based. The assessors had jurisdiction in making the assessment on this property in 1932. ( *U. S. Trust Co.* v. *Mayor, etc., of New York*, 144 N. Y. 488; *Sikora Realty Corp.* v. *City of New York*, 262 id. 312; *Young Women's Christian Assn.* v. *City of New York*, 220 App. Div. 49; affd., 247 N. Y. 591.) Generally speaking, the proper method for a review of an illegal or erroneous assessment such as is here claimed is by the remedy furnished by article 13 of the Tax Law. Courts will entertain actions to declare an assessment illegal and void and for a return of taxes paid or to remove a cloud on title, only when there is no jurisdiction in the assessing body and where the assessment made is illegal and void and such illegality must be proved by evidence dehors the record. ( *Nat. Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Elmhurst Fire Co.* v. *City of New York*, 213 id. 87; *Matter of Donner-Hanna Coke Corporation*, 212 App. Div. 338; affd., 241 N. Y. 530.) We think that the plaintiff must present its claim for exemption under the law and the facts by presenting the same to the board of assessors on grievance day. We reserve the question as to whether the plaintiff's property is exempt under the provisions of section 4, subdivision 7 (now subdivision 6) of the Tax Law until such time as it is properly raised by the procedure indicated. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ. [See *post*, p. ——.]