The Horse Aid Society, Appellant, v. Town of New Castle, Respondent.— On the court's own motion, the decision of this court handed down on January 19, 1934 [*ante*, p. ——], is hereby amended to read as follows: Plaintiff's exceptions sustained to the first and second conclusions of law in the decision, and those conclusions are struck out as unnecessary to the decision. In all other respects the plaintiff's exceptions are overruled and the judgment is unanimously affirmed, with costs. As to the years in which assessments were made on the real property when the plaintiff was a tenant thereof, the assessments are legal. There was no assessment of plaintiff's leasehold and the owner could not claim exemption. When the plaintiff made its complaint to the assessors on May 13, 1932, it was not the owner of the property. The assessment roll was duly filed June 1, 1932. Thereafter it did not present its claim for exemption to the board of assessors on grievance day, furnishing the facts upon which its claim for exemption was based. The assessors had jurisdiction in making the assessment on this property in 1932. ( *U. S. Trust Co.* v. *Mayor, etc., of New York*, 144 N. Y. 488; *Sikora Realty Corp.* v. *City of New York*, 262 id. 312; *Young Women's Christian Assn.* v. *City of New York*, 220 App. Div. 49; affd., 247 N. Y. 591.) Generally speaking, the proper method for a review of an illegal or erroneous assessment such as is here claimed is by the remedy furnished by article 13 of the Tax Law. Courts will entertain actions to declare an assessment illegal and void and for a return of taxes paid or to remove a cloud on title, only when there is no jurisdiction in the assessing body and where the assessment made is illegal and void and such illegality must be proved by evidence dehors the record. ( *Nat. Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Elmhurst Fire Co.* v. *City of New York*, 213 id. 87; *Matter of Donner-Hanna Coke Corporation*, 212 App. Div. 338; affd., 241 N. Y. 530.) We think that the plaintiff must present its claim for exemption under the law and the facts by presenting the same to the board of assessors on grievance day. We reserve the question as to whether the plaintiff's property is exempt under the provisions of section 4, subdivision 7 (now subdivision 6) of the Tax Law until such time as it is properly raised by the procedure indicated. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

Gertrude Israel, Appellant, v. Rose Klein, Defendant, and Bertha Edelberg, Respondent.— Judgment of the City Court of Yonkers dismissing the complaint herein reversed on the law and the facts, with costs, and judgment directed in favor of the plaintiff for the amount demanded in the complaint. The circumstances disclose that the payments made on account of the note in suit were made by the general agent or general agents of the defendants. The evidence discloses that the two husbands were the general agents of the two wives in respect of everything connected with the management of the real estate in question; borrowing moneys, the proceeds of which were used to repair and renovate the property. Therefore, all acts in respect of the property, the fruits of which the defendants have adopted and enjoyed, carry with them the burdens of all acts done by these general agents in the interest of these defendants in relation to the real property, the moneys borrowed therefor and payments made on account thereof. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings will be made. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.