Allen, J.
The judgment against the defendants, other than Walbridge, cannot be sustained without substantially overruling Landers v. Staten Island R. R. Co. (53 N. Y., 450). The cause of action did not arise within the city of Brooklyn or the county of Kings, and there was no claim upon the trial that either of the defendants, except W albridge, had at any time resided or that they liad been served with process within that city or county. The jurisdi ction of the court was made to rest, and was sustained by the City Court, upon the fact that Walbridge, one of the defendants at the time of the commencement of the action, resided in the city of Brooklyn. *99 The trial judge submitted the case to the jury upon the theory that when two or more are jointly liable on a contract, and one of them resides within the city, the others can be served with process at any place within the State, but if none reside within the city they are not amenable to the jurisdiction of the court, unless served with process within its jurisdiction. The verdict passed against all the defendants, and the judgment was given, following the verdict, upon the sole ground that the residence of one of the defendants within the city of Brooklyn gave jurisdiction to the court over all, and that process could be served in any part of the State upon the other defendants. This is entirely inconsistent with Landers’ Case. The jurisdiction of a strictly local court, as the City Court of Brooklyn is, cannot be extended to persons and subjects without the jurisdiction, by the mere circumstance that some one or more of those jointly liable chance to reside or be within the jurisdiction. Vitality and effect cannot be given to the process of the court beyond the territorial limits of the jurisdiction, merely because there are some of the joint obligors or parties liable within those limits, and subject to its process. There is no legal efficacy in the joint liability of several debtors which can give an actual or constructive jurisdiction over the persons of those without the jurisdiction, or make the court one of general jurisdiction, when these circumstances, to wit, a joint liability of several, and the residence of some within and of others without the jurisdiction, concur. It would no longer be a local court, if its jurisdiction could be enlarged by such a coincidence of circumstances. The court, in Landers v. Staten Island R. R. Co. (supra), decided that the legislature could not change the character of the City Court of Brooklyn from that of a local court, of limited territorial jurisdiction, to one of general jurisdiction, with power to summon to its bar and subject to its judicial authority those not resident or served with process within the limits of its jurisdiction as a local court. The Constitution does not permit an enlargement of its jurisdiction as to persons, so as to give it power to send its pro *100 cess for the commencement of actions beyond the county of Kings. So far as the act of 1871 (chap. 282), which is relied upon to uphold the judgment, attempts to extend the jurisdiction to parties residing without the county of Kings, by reason of the residence of other parties, or the service of process upon some of the defendants within the county of Kings, it is unauthorized by the Constitution. The question was so fully considered in the Landers Case that it is not deemed necessary to review or extend the discussion at this time.
In case of a joint debt or obligation, if one of the joint debtors should reside or be served with process within the jurisdiction of the court, it may well be that the action might proceed to judgment, under the joint debtor act, and a recovery be had, in form, against all, but which should affect only the individual property of the defendant served with process and the property owned jointly by all. (Code, § 136, sub. 1.) That question is not before us. The judgment did not proceed upon that ground, and was not in the form authorized by that statute. The liability sought to be established was not joint. It was either joint or several, as the plaintiff might elect to sue one or all, or as one or all might be served with process. The trustees of a manufacturing corporation are made jointly and severally liable for the debts of the company by the omission to make the annual report required by statute. (Laws of 1848, chap. 40, § 12.) As the defendants were severally, as well as jointly, liable, it was a proper case for a several judgment against Walbridge, if a case was made for a recovery against him; but the judgment must be reversed as to the others for want of jurisdiction, and the error in the charge upon that question. (Code, § 136, sub. 2; id., § 12.) It does not detract from the usefulness of the court or its character to confine it, in the exercise of its jurisdiction, within the constitutional limits. It is an important and efficient tribunal in the city of Brooklyn, and, by its. ability and dispatch, attracts to it much of the important and difficult litigation of that city, and the importance of the questions or the amounts litigated before it are not second to those which come before *101 any court of the State. Its creation was the result of the necessity of a local court of a high character.
It only remains to consider the liability of Walbridge upon the merits. As the jury have found that he was a resident of the city of Brooklyn, and he did not, in his answer, make any question as to the jurisdiction, the judgment must be affirmed as to him, unless error was committed to his prejudice upon the trial. *
The judge, at the trial, fairly submitted the questions of fact to the jury, and the verdict is final in this court, there being competent evidence in support of it. The employment of the agents was not required to be in writing or by formal resolution. Neither the corporate seal or a formal resolution of the managers is necessary to the making of a valid contract by a corporation, and the defendants’ counsel were not entitled to the instructions asked in that respect.
The declarations of Walbridge, the president of the company, in a matter affecting the business of the corporation, and in respect to which he was acting for it, would have been admissible- as evidence against the company to establish its liability, and were, therefore, competent against the defendants to prove the obligation and indebtedness of the company.
The judgment against Walbridge must be affirmed, with costs; and the judgment as to the other defendants must be reversed, and a new trial granted, costs to abide the event.
All concur; Miller, J., not sitting.
Judgment accordingly.

 The judge then examined the testimony at length, coming to the conclusion that there was evidence of the existence of a debt by the corporation to be submitted to the jury, that the verdict was warranted by the evidence, and that no error was committed to the prejudice of Walbridge on the trial. — [Rep.