CAROLINE K. BRENNAN, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

1. TAX — ILLEGAL APPORTIONMENT OF ASSESSMENT.    Where the assessors of the city of Buffalo for the purposes of general taxation divided a piece of real property into two parts and mapped it in that form, and the city comptroller apportioned the whole of a local assessment upon one part only and in that form sent it to the collector, who returned it without collection to the comptroller, who then discovered the error and corrected it by spreading the assessment upon the whole, instead of one part of the property, such action is a material departure from the provisions of the statute and permits the owner to question a sale of her property subsequently made by the municipal authorities for non-payment of the assessment.

2. UNAUTHORIZED ADDITION TO LEGAL ASSESSMENT REJECTED — EXCESS OF JURISDICTION.    An addition made by such board of city assessors to a taxpayer's lawful and ratable assessment, to bring the total expense of a local improvement up to a sum which, under the charter of the city, would permit payment of it to be made in five annual installments, is an illegal and arbitrary act without authority or jurisdiction, but does not render the whole assessment void; and where the illegal part of such an assessment can be separated from the legal, the latter part may stand and be enforced, although the act of the assessors be characterized by the findings of the Special Term as "fraudulent."

3. FRAUD — BODY ACTING JUDICIALLY.    A court or body acting judicially may commit an error or exceed jurisdiction, but it cannot be guilty of fraud in the proper or legal sense of the term.

4. ACTION TO SET ASIDE ASSESSMENT DISTINGUISHED FROM ONE TO SET ASIDE THE SALE.    A provision of a city charter, barring an action to set aside, or test the validity or regularity of a tax or assessment unless brought within one year from the completion and delivery of the roll, does not apply to an action to set aside a sale of the property upon which the assessment was imposed.

5. RELIEF IN ACTION TO SET ASIDE SALE.    Where the court has obtained jurisdiction of the parties and of the subject-matter in an action brought to set aside such a sale, it may, when setting the sale aside, afford complete relief, by striking from the roll a separate item added without jurisdiction to a valid assessment.

*Brennan* v. *City of Buffalo*, 13 App. Div. 453, reversed.

(Argued March 9, 1900; decided April 17, 1900.)    ·

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

February 3, 1897, affirming in part and reversing in part a judgment of the Superior Court of Buffalo reducing an assessment for taxes levied against plaintiff's land, setting aside a sale of the premises for the non-payment of such taxes and canceling the certificates of sale, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. H. Cuddeback* for appellant.   The action of the assessors in arbitrarily increasing the amount of the plaintiff's assessment by the sum of $581 did not render the whole assessment void.   (*Curtis* v. *Leavitt*, 15 N. Y. 14.)   The court had power to reduce the plaintiff's assessment by the amount in which the assessment had been arbitrarily increased. (High on Injunctions [2d ed.], § 497; Cooley on Law of Tax. [2d ed.] 429, 430; *Bank* v. *Kimball*, 103 U. S. 732; *N. P. R. R. Co.* v. *Clark*, 153 U. S. 252; *Gillett* v. *City of Denver*, 21 Fed. Rep. 822; *Kinsella* v. *Auburn*, 26 N. Y. S. R. 884; *Lilienthal* v. *City of Yonkers*, 6 App. Div. 138; *Matter of St. J. Asylum*, 69 N. Y. 353; *Matter of M. R. R. Co.*, 102 N. Y. 304; *Knapp* v. *City of Brooklyn*, 97 N. Y. 520.)   The action of the comptroller in changing the assessment upon the plaintiff's lands, as described in the decision, did not render the sale void.   (*Voght* v. *City of Buffalo*, 133 N. Y. 463; *Gilmore* v. *City of Utica*, 131 N. Y. 34; *Bell* v. *City of Yonkers*, 78 Hun, 196; *Knell* v. *City of Buffalo*, 54 Hun, 80; *Lyth* v. *City of Buffalo*, 48 Hun, 180.)   The plaintiff's action, so far as it seeks to wholly set aside her assessment for the misconduct of the assessors, is barred by the Statute of Limitations. (L. 1880, ch. 275, § 9; *Bruecher* v. *Vil. of Port Chester*, 101 N. Y. 244; *Van Deventer* v. *Long Island City*, 139 N. Y. 133; *Townsend* v. *Mayor, etc.*, 77 N. Y. 542.)

*Adolph Rebadow* for respondent.   The action of the assessors in arbitrarily increasing the amount of the plaintiff's assessment by the sum of $581, rendered void the whole

assessment roll, the court having found the assessors' acts, in that regard, fraudulent. (*Guckenheimer* v. *Angevine*, 81 N. Y. 397; *Masson* v. *Bovet*, 1 Den. 74; *Roosevelt* v. *Draper*, 23 N. Y. 318; *Curtis* v. *Leavitt*, 15 N. Y. 96; *C. C. Bank* v. *Payne*, 22 App. Div. 353; *Sanders* v. *Downs*, 141 N. Y. 422; *Hassen* v. *City of Rochester*, 65 N. Y. 516; *Ellwood* v. *City of Rochester*, 122 N. Y. 229; *Matter of N. Y. P. E. P. School*, 75 N. Y. 324; *Van Deventer* v. *Long Island City*, 139 N. Y. 133.) The court erred in assuming jurisdiction to reduce the tax. (*Poth* v. *Mayor, etc.*, 151 N. Y. 16.) The act of the comptroller in changing the assessment roll as against plaintiff's lands and assuming to distribute the assessment upon two parcels of land rendered the same null and void. (*Sanders* v. *Downs*, 141 N. Y. 422; *Matter of E. I. S. Bank*, 75 N. Y. 388.) The action is not barred by the Statute of Limitations. (Endl. Interp. Stat. § 343; *Chilcott* v. *City of Buffalo*, 7 N. Y. Supp. 638; *Zink* v. *McManus*, 121 N. Y. 259; *Sanders* v. *Downs*, 141 N. Y. 422.)

O'BRIEN, J.   The plaintiff sought in this action to set aside a sale of her real property made by the municipal authorities upon an assessment for a local improvement. The complaint attacked not only the validity of the proceedings resulting in the sale, including the certificate given to the purchaser, but the assessment upon which it rested as illegal and void and a cloud upon her title. It is conceded, I think, that subsequent to the delivery of the assessment roll by the treasurer to the comptroller there were irregularities in the proceedings sufficient to justify the trial court in setting aside the certificate of sale and all the proceedings for that purpose subsequent to the transmission of the roll to the comptroller by the treasurer. It seems that subsequent to the assessment for this improvement the assessors, for the purpose of general taxation, divided the property in question into two parts and so represented it upon a map made for the use of the assessors. When the comptroller received the roll for this local assessment he apportioned the whole amount to one part of the

property and in that form it was sent to the collector and returned without collection to the comptroller again, who then discovered the error and corrected it by spreading the assessment upon the whole property instead of a part only. It is sufficient to say that in the proceedings for a sale there was a material departure from the provisions of the statute and it was open to the property owner to question the sale.

The most important question arises, not upon the proceedings resulting in the sale, but with respect to the validity of the assessment upon which the sale was based. If the assessment was void, as is claimed by the property owner, she was entitled to have that set aside as well as the sale. The facts that bear upon that question were all found by the trial court and are undisputed. The improvement consisted in the paving of a street. The common council had full power to order the work to be done and proceeded regularly. The expense of the improvement was fixed in accordance with the statute at $19,420. It seems that, under the defendant's charter, when the expense of an improvement exceeds $20,000 and is to be paid by local assessment the money is payable by the property owner in five annual installments. The finding of the trial court is that the assessors, in order to bring the assessment within the provision of the charter, at the instance and request of some person unknown, prepared the roll in the following manner: They first entered upon the roll against each parcel of property included within the district the proper sum or the ratable part of the whole expense as fixed according to law. Thus far they proceeded regularly, and their work was not affected by any jurisdictional or other error. But this distribution did not bring the total up to the required amount in order to come within the provisions of the charter referred to authorizing payment in five installments, and so the assessors, at the suggestion of some person not identified by the proofs, proceeded to add to the assessment on the plaintiff's property the sum of $581, thus making the total just one dollar more than the limit in the charter. The trial judge characterized that act in the findings as "illegal, arbitrary and

fraudulent." He set aside the certificate of sale, the sale itself and corrected the assessment by striking out the item of $581, awarding costs to the plaintiff. In so far as this judgment allowed the balance of the assessment to stand as a charge against the plaintiff's property, it was reversed at the Appellate Division and the entire assessment was set aside as void.

We think that the Special Term awarded to the plaintiff as large a measure of relief as she was entitled to upon the facts, and that the cancellation of the entire assessment by the court on appeal should not be upheld. The city had made and paid for the improvement, and the plaintiff's property has had the benefit of it. Under such circumstances a court of equity should not discharge the plaintiff's property from all liability to contribute to the expense unless compelled to do so in obedience to some established rule or principle. The use of the word "fraudulent" in describing the act of the assessors does not change the real character of that act. It was simply an act done without authority or jurisdiction, and was void upon its face without regard to the purpose in the minds of the assessors or the influences under which they acted. When the plaintiff asks a court of equity to relieve her property from all liability to contribute to an improvement which presumptively she has received the benefit of, she cannot impute fraud to the city simply because the assessors added to her assessment an item without authority. The assessment, when reduced by the Special Term, was a part of the assets of the city, and entitled to all the protection which the law gives to any other species of property. An illegal item in a local assessment does not necessarily render the whole assessment void because the act of inserting the item happened to be described as fraudulent. It frequently happens that public officers exceed their authority, but that will not always invalidate acts within their authority when the good and the bad can be separated. But I am not aware of any authority for imputing fraud to a municipality simply because one of its public officers exceeded his powers. When a board of assessors add to a lawful assessment an item which is unlawful, and

the latter can be separated from the former, the lawful part of the assessment can stand and be enforced even though the act of the assessors in adding the illegal item should be characterized as fraudulent. But even if fraud, as against a city, could in any case be predicated upn the act of the assessors in adding an illegal item to an assessment roll, it is plain that the learned judge who made the finding did not understand the term as imputing anything more than an excess of jurisdiction since he allowed the assessment to stand for the correct sum. It is plain that he did not understand that the whole assessment was infected with an incurable vice since he held it good except as to the item added without legal authority. The decision of the Special Term proceeded upon the rule so well stated by Judge Comstock in *Curtis* v. *Leavitt* (15 N. Y. 96) in these words:

"A doctrine which is expressed in the words 'void in part, void in toto,' has often found its way into books and judicial opinions as descriptive of the effect which a statute may have upon deeds and other instruments which have in them some forbidden vice. There is, however, no such general principle of law as the maxim would seem to indicate. On the contrary, the general rule is, that if the good be mixed with the bad it shall nevertheless stand, provided a separation can be made. The exceptions are : *First.* Where a statute, by its express terms, declares the whole deed or contract void on account of some provision which is unlawful; and *Second.* Where there is some all-pervading vice, such as fraud, for example, which is condemned by the common law, and avoids all parts of the transaction because all are alike infected."

This was not a case in which the whole assessment was infected with an all-pervading vice. The use of the word *fraudulent* in the finding of the Special Term describing the assessment was doubtless an inaccuracy. The findings were probably drawn by the attorney for the successful party and not by the trial judge who had just decided to treat the original assessment, without the addition, as valid. The learned Appellate Division, we think, attached too much importance to that

word in the findings. It gave to a single word a meaning and significance which it is very evident the trial judge did not intend since he could not have held or found that the entire assessment was infected with a vice that rendered it utterly void. The use of that word in the finding did not change the undisputed facts or the true character of the official act of the assessors. It could have no application to that act so far as the assessors had jurisdiction. So far as they acted without jurisdiction the act was void whether described as fraudulent or otherwise, and the word was probably used only to characterize the excess which was added to an assessment otherwise valid. It frequently happens that even the judgments or orders of the courts are found to be void because the jurisdiction has been transcended, or illegal because affected by some error, but in any case the real character of the judicial act would not be changed by describing it as fraudulent. It is true that a judgment or decree may be fraudulent, but the fraud is never imputed to the court, but to the conduct of one of the parties. A court or body acting judicially may commit an error or exceed the jurisdiction, but it cannot be guilty of fraud in the proper or legal sense of that term. In this case the board of assessors acted judicially, and it would be just as impossible to impute fraud to their decision as it would be to the judgment of a court open to attack for jurisdictional defects or illegal procedure. Moreover, the assessors are not parties to this action. The parties to this action are the property owner and the city. The latter has neither perpetrated nor authorized any fraud upon the former. The plaintiff did not charge fraud in her complaint, and the mere fact that the word *fraudulent* is used in the finding to describe the act of the assessors, in association with the other words *illegal* and *arbitrary*, cannot affect the assessment when the illegal item of $581 is expunged. This illegal item does not permeate the whole, but the good can be separated from the bad, and, after cutting off what was added without authority, the good can and should be upheld.

The learned counsel for the defendant contends that the

right to maintain this action is barred by a provision of the city charter to the effect that an action to set aside a tax or assessment or to test the validity or regularity of the same must be brought within one year from the completion of the roll and the delivery thereof to the treasurer. This action was not brought within that time. But it is not an action to set aside a tax or assessment or to test the validity or regularity of one. The primary purpose was to set aside a sale of the property upon which the assessment was imposed, and the action could rest upon the erroneous and irregular proceedings after the roll was delivered to the comptroller without touching the assessment at all. But the court having obtained jurisdiction of the parties and the subject-matter had power to make the relief complete by striking from the roll a separate item which had been added without jurisdiction to a valid assessment. · The court, in removing a cloud upon the title to the property, created by an illegal sale, could extend the relief to everything that was found illegal, including the unauthorized item in the assessment. (*Zink* v. *McManus,* 121 N. Y. 259.)

If these views are correct, it follows that the judgment of the Appellate Division should be reversed, and that of the Special Term affirmed, without costs to either party.

PARKER, Ch. J., HAIGHT, MARTIN and LANDON, JJ., concur; BARTLETT and VANN, JJ., dissent.

Judgment reversed, etc.