(36 Misc. Rep. 13.)

## PEOPLE ex rel. ROBINSON v. BANFIELD et al.

(Supreme Court, Special Term, Chemung County.   June 3, 1901.)

1. CERTIORARI—RETURN—FORM OF DENIAL.
     The denial on a return to a writ of certiorari referring to the paragraphs in the petition is insufficient to put in issue any of the material facts stated in such petition, since such denial is in effect only a denial of the paragraph, and not of the facts therein.

2. TAXATION—ASSESSMENTS—DESCRIPTION OF PROPERTY.
     Where the description of property sought to be assessed is not sufficiently accurate to designate such property, the assessment thereof is invalid.

3. SAME—LEGALITY.
     Where an assessment has been set aside because of an insufficient designation of the property, carrying it into the tax for the subsequent year will not make the reassessment legal.

4. JUDGMENTS—RES JUDICATA.
     The decision of a court holding an assessment illegal because of inaccurate description of the property is res judicata in a subsequent proceeding relating thereto.

Certiorari by the people, on the relation of Emma A. Robinson, as trustee for Lucius Robinson and another, against Mark Banfield and others, to review an assessment.   Judgment rendered.

David C. Robinson, for relator.
Taylor, Heller & O'Connor, for respondent supervisors.
Mr. McCann, for respondents.
Thomas F. Fennell, for respondent chamberlain of City of Elmira.

FORBES, J.   This is a proceeding by certiorari, taken under section 250, c. 908 (vol. 1, p. 882) of the Laws of 1896.   Prior to the institution of these proceedings by the relator an illegal assessment had been made against the property held by her as trustee for her children, Lucius and Emma D. Robinson.   On a former appeal from said assessment, in 1899, the assessment was set aside by the court as illegal, probably upon the theory that the assessment was made against the estate and not against the trustee, and inferentially also for the reason that the assessment was unequal and exorbitant. These facts are now before me, with a contingent stipulation reducing the amount of the assessment in case certain preliminary objections are overruled.   On the first proposition, see Chadwick v. Supervisors, 59 App. Div. 334, 69 N. Y. Supp. 853.   At a meeting of the board of supervisors in 1900 the same property was reassessed against the relator as the trustee of said infants, and so far that first error was probably corrected.   In this proceeding, however, it is asserted that

the tax as reassessed and levied is illegal, and that the method of carrying said tax into the assessment roll, as adopted by the defendant supervisors, under section 54 of said statute, is still illegal. The stipulation now before me removes from this discussion the question of the inequality of that assessment. The only question now raised is whether the reassessment, under a former decision of the court, is illegal. After an adverse decision by the court, the board of supervisors had no right to carry into the assessment of 1900 the assessment of 1899. Treating the return to the writ made by the defendants as an answer or pleading, thus attempting to put in issue the facts set forth in the complaint, it seems to me that the return answer is defective and does not put in issue any of those material facts stated in the relator's petition, under the present form of denial in the return, for the reason that each denial as made refers to a paragraph in the relator's petition, and is, in effect, only a denial of the paragraph, instead of being a denial of the facts contained in such paragraph. Williams v. Lindblom, 68 Hun, 173, 22 N. Y. Supp. 678, affirmed in 142 N. Y. 682, 37 N. E. 825; Lyth v. Green, 21 App. Div. 300, 47 N. Y. Supp. 478; Baylis v. Stimson, 110 N. Y. 621, 17 N. E. 144. The assessment by the board of supervisors in 1900 does not contain a definite and plain description of the premises so carried into the assessment roll which is sufficiently accurate to clearly locate the land, or enable it to be identified beyond a question. The rule laid down in Re New York Cent. & Hudson River R. Co., 90 N. Y. 342, is as follows:

"An accurate designation or description of land assessed is essential to the validity of the assessment. If the description is insufficient to enable one to locate the land, no foundation (legal basis for assessment) is afforded for future proceedings, and they cannot be sustained."

Property assessed "must be designated by boundaries, or in some other way by which it may be known with reasonable accuracy, or it cannot be sold for nonpayment of taxes." Zink v. McManus, 121 N. Y. 259, 24 N. E. 467. Where such an error has been made in the previous assessment, and that assessment has been set aside, it cannot be carried into the tax for the subsequent year, and so make the reassessment legal. Brennan v. City of Buffalo, 162 N. Y. 491, 57 N. E. 81. Where the whole question has been before the court, and by it determined adversely, it seems to me that in the second proceeding the first decision is res judicata. That appears to be the situation in the case at bar, and this court is constrained to so hold.

The contingent stipulation of the parties reducing the assessment from $4,500 to $2,500 for the years 1897, 1898, and 1899 is hereby confirmed; and an order may be entered directing the board of supervisors to reassess said property and relevy the tax thereon, as modified by said contingent stipulation, which is made a part of the record. The preliminary objections raised by the respondents' attorneys are hereby overruled, and judgment may be entered accordingly.