THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE PIERCE-ARROW MOTOR CAR COMPANY, Relator, *v.* WALTER H. KNAPP and Others, as Members of the State Tax Commission, and THE STATE TAX COMMISSION, Respondents.

Third Department, March 11, 1920.

**Tax — franchise tax — power of court to go back of assessment roll in determining whether local taxes were paid on personal property exempt under section 219-j of Tax Law — credit to be allowed on franchise tax for local tax paid on equipment.**

The real and personal property of the relator was assessed in January, 1917, by the city assessors of the city of Buffalo for the fiscal year beginning July 1, 1917, and that assessment was used as the basis on which the county taxes were levied for the year beginning January 1, 1918. The assessors in making the assessment assessed the buildings of the relator and each item of the equipment separately, but in making out the roll the amount assessed against the machinery and appliances was added to the real estate and stated as the real estate assessment. On the question whether the relator was paying city and county taxes upon the said equipment as personal property within the meaning of the exemption contained in section 219-j of the Tax Law, as amended by chapter 271 of the Laws of 1918, and was, therefore, entitled to credit on its franchise tax for the year beginning November 1, 1917, under said section as amended, *held*, that the court may go beyond the assessment roll and determine from the assessment that said equipment was actually assessed as personal property.

The equipment having been assessed as personal property the relator was entitled to credit on its franchise tax for the city and county taxes paid thereon during the overlapping period.

H. T. KELLOGG and KILEY, JJ., dissent.

CERTIORARI issued out of the Supreme Court and attested on the 27th day of December, 1918, directed to Walter H. Knapp and others, as members of the State Tax Commission, and the State Tax Commission, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in assessing taxes against the relator for the fiscal year beginning November 1, 1917, under the provisions of article 9-a of the Tax Law.

*Dudley, Stowe & Sawyer* [*Charles P. Spooner* and *Ansley W. Sawyer* of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*C. T. Dawes, Deputy Attorney-General,* of counsel], for the respondents.

256 People ex rel. Pierce-Arrow M. C. Co. *v.* Knapp.

Third Department, March, 1920. [Vol. 191.

John M. Kellogg, P. J.:

Article 9-a of the Tax Law, added by chapter 726 of the Laws of 1917, effective June fourth of that year, fixed a new franchise tax against manufacturing and mercantile corporations of three per cent on net income. Section 219-j provided that personal property of such corporations should not be assessed otherwise for taxation, which exemption included the machinery and equipment affixed to buildings (with certain exceptions) which theretofore for purposes of taxation had been considered as part of the realty. It was discovered that the section assumed that assessments for all taxation under the laws of the State were made upon a uniform date to raise a tax for a uniform period. This assumption was wrong, with the result that certain corporations would be required to pay local and county taxes for the same period for which they were paying this income tax, and chapter 271 of the Laws of 1918 amended the section, the amendment to be considered as being in force at the time of the enactment of article 9-a. This amendment was made with the obvious intent of making it clear that it was not the intention that the new law should impose double or unequal taxation of the same property. (*People ex rel. Iroquois Door Co.* v. *Knapp*, 186 App. Div.172.)

The assessment for city purposes in the city of Buffalo for the fiscal year beginning July 1, 1917, and ending June 30, 1918, was made in January, 1917, and before article 9-a of the Tax Law became a law, and the charter of the city of Buffalo in effect required that the city assessment roll should be the basis upon which the general or county tax should be levied for the fiscal year beginning January 1, 1918, and ending December 31, 1918, with the result that from November 1, 1917, to June 30, 1918, the relator was compelled to pay a city tax and this income tax upon the same property for the same period, and from January 1, 1918, until December 31, 1918, it was paying a general tax and the income tax upon the same property. The relator now claims that under the real spirit of the amendment it is entitled to credit for the city and county taxes upon personal property paid by it for those periods of time. The amended section provides that "Nothing herein shall be construed to impair the obligation to pay franchise taxes due on or before the fifteenth day of January, nineteen hundred and seventeen, or

taxes on personal property or capital stock assessed as specifically provided in this section, whether such taxes have been or may hereafter be assessed. But if any corporation taxed under this article shall have paid or shall hereafter pay taxes on personal property or capital stock assessed as specifically provided in this section, for any part of the calendar year nineteen hundred and eighteen, such corporation shall be entitled to credit, with interest, as hereinafter provided, for the amount of such part of the taxes so paid locally as the portion of the year nineteen hundred and eighteen for which such taxes shall have been paid bears to the entire calendar year. And if, in any taxing district, by reason of the provisions of this section as originally enacted by chapter seven hundred and twenty-six of the laws of nineteen hundred and seventeen, any such corporation shall have paid or shall hereafter pay taxes on personal property or capital stock for the year ending December thirty-first, nineteen hundred and eighteen, such corporation shall be entitled to credit, with interest, as hereinafter provided, for the amount of taxes so paid locally." The important question under it is whether the taxpayer is paying taxes upon personal property under other laws for the same period of time. When the assessment roll for the city was made the assessors were required to assess the real estate and the personal property separately, and under the law existing at the time of the assessment the machinery and appliances were included within the real estate. It was impossible at that time to assess them otherwise, and as the assessment for general taxation was required to be based upon the city roll the same rule applied to that assessment. It must be conceded that in an ordinary case it would be difficult to determine how much of an assessment made under the old law was upon exempt equipment and machinery, as distinguished from the real estate, as contemplated by the section under review. But here there is no uncertainty. The assessors in making the assessment in January, 1917, of industrial plants, assessed the land, the buildings and each item of the equipment separately, as the assessment on file shows. But in making out the roll the amount assessed against the machinery and appliances was added to the real estate and stated as the real estate assess-

ment.   By the Tax Law the State does not seek to get money from the taxpayer by a sharp practice or the doubtful construction of a tax law, but as the curative act indicates, it intended to treat every locality and every taxpayer justly, without any discrimination.   Justice requires that we should go beyond the assessment roll, and where the assessors by their public records have made it plain what they assessed and for what each part of the property was assessed, we may observe it for the purpose of determining whether an unjust or excessive tax has been imposed.   The fact that the equipment and machinery were included in the taxation of the real estate should not prejudice the relator, because the laws of the State existing at the time the assessment roll was made required that action, and in determining the rights of the parties here we are to read the various statutes together, and give them such construction as justice and fair dealing require.   It is evident that the relator was paying a double tax on certain property for many months, and that an unjust burden has been cast upon it.   The spirit of the amendatory act, in my judgment, requires that credit be given to it for the taxes paid upon exempt property for the period for which the income tax was levied.   The order should, therefore, be reversed and the matter remitted to the Commission, with direction to give the credits indicated herein.

All concur, except H. T. KELLOGG and KILEY, JJ., dissenting.

Determination annulled and matter remitted to Commission to give the credits indicated in the opinion.