In the Matter of the Application of DONNER-HANNA COKE COR-
PORATION, Appellant, for a Division and Apportionment of the
Taxes Assessed against it by the City of Buffalo for the Taxable
Year 1923–1924.

CITY OF BUFFALO and Others, Respondents.

Fourth Department, March 11, 1925.

Taxation — proceeding for division and apportionment of taxes and
assessments made and levied by city of Buffalo against petitioner for
taxable year 1923–1924 — purpose of proceeding is to relieve petitioner
from paying taxes on property belonging to United States but assessed
against petitioner — prior decision that taxes for year 1922–1923 on same
property were illegal — assessment roll shows values of separate items —
assessors were without jurisdiction to make assessments against
petitioner of property not owned by it — remedy by certiorari not
exclusive when assessors have no jurisdiction — relief may be granted
in this proceeding under Buffalo city charter, §§ 118 and 119 —
mandamus may be granted in discretion of court, though other remedies
available — mandamus will give instant relief — peremptory mandamus
granted to compel assessors to correct assessment.

Certiorari was not the exclusive remedy of the petitioner in order to be relieved
of taxes for the year 1923–1924 levied against it on an assessment of property
which belonged to the United States government, where it appears that prior
to the institution of this proceeding the Appellate Division had decided that
a similar assessment for the taxable year 1922–1923 was illegal, and that the
assessment roll showed the values placed on the different items of the property
assessed, for in this case the assessors had no jurisdiction to assess property
against the petitioner that did not belong to it; where the assessors do not have
jurisdiction the property owner is not compelled to resort to certiorari.

The petitioner is entitled to relief under sections 118 and 119 of the charter of the
city of Buffalo, by having the assessment roll corrected and the assessment appor-
tioned and divided, and although the petitioner may have other remedies in an
action to have the tax annulled, or to recover the taxes after payment has been
compelled, still the court may, in its discretion, grant a mandamus order to compel
the assessors to correct the mistake, and since there is no question of fact as to
the items of the assessment that do not belong to the petitioner, the mandamus
order should direct the assessors to apportion the property assessable to the
petitioner, so that the lands owned by it may be divided from the property
owned by the United States and be separately assessed in proper amount, and
the buildings and improvements be entered upon the assessment rolls as exempt
property of the United States.

APPEAL by the petitioner, Donner-Hanna Coke Corporation,
from an order of the Supreme Court, made at the Erie Special
Term and entered in the office of the clerk of the county of Erie
on the 22d day of October, 1924, denying its motion for a division
and apportionment of the taxes and assessments made and levied

by the city of Buffalo against it for the taxable year 1923–1924, and for the correction of the assessment roll.

*Slee, O'Brian & Hellings* [*John Lord O'Brian* and *Ralph Ulsh* of counsel], for the appellant.

*Frederic C. Rupp, Corporation Counsel* [*Herbert A. Hickman* of counsel], for the respondents.

DAVIS, J.:

The appellant has sought relief because assessed for property it does not own. The principal facts have been stated in a prior decision of this court. (See *People ex rel. Donner-Union Coke Corporation* v. *Burke*, 204 App. Div. 557.)

In 1921 property consisting of buildings and equipment in the city of Buffalo owned by the United States was assessed to petitioner, together with land owned by the latter upon which the buildings and equipment were erected. The petitioner by certiorari reviewed the assessment. The order of the Special Term entered April 25, 1922, declared such assessment illegal. We modified the order in respect to the assessed value of the land and affirmed (*People ex rel. Donner-Union Coke Corporation* v. *Burke, supra*) and our order was subsequently affirmed. (236 N. Y. 650.)

Notwithstanding the determination that the property in question was not assessable, subsequent assessments were made as before. Proceedings by certiorari to review the assessment for the tax years 1922–1923 and 1924–1925 were instituted and were pending undetermined at the time of the decision of the prior appeal. The city has abandoned all claims to enforce the assessments in these two years, and orders granted upon stipulation have reduced the assessment to the assessed value of the land.

In the tax year 1923–1924 for some reason there was no application for a writ of certiorari. The assessment to it of the entire property will, therefore, impose a tax upon petitioner of $117,939.84. The value of the property is stated on the original assessment roll as, land, $147,220; improvements, (a) buildings, $719,715; (b) equipment, $2,708,625; total, $3,575,560.

Section 118 of the charter of the city of Buffalo (Laws of 1914, chap. 217) provides: " The assessor shall have the power, at any time prior to the sale of lands for the nonpayment of taxes and assessments, to rectify any error committed in the making up of the annual assessment-rolls   *   *   *   in the following cases only: 1. When the error is entirely clerical.   *   *   *   4. When the property that has been assessed is by law exempt from assessment or taxation."

Section 119 (as amd. by Laws of 1918, chap. 615) provides: "When a tax or assessment has been * * * imposed upon real property, any owner or mortgagee of said property may apply to the assessor to have such tax or assessment divided and apportioned upon different parts of said property. If the assessor shall deem it proper and feasible to divide and apportion such tax, he may make a statement showing the manner in which the division and apportionment should be made."

The section further provides, in case there is a failure to apportion, for an application to the Supreme Court; and that the court after a hearing "shall make such order as justice requires."

There is a similar provision in section 297 of the Tax Law and in other city charters, so this charter provision is not a legislative anomaly.

The purpose of these provisions seems entirely clear. The assessors are given power to correct errors, clerical or otherwise. If property physically united but owned by two or more persons separately is assessed to one owner, he may pay the tax without question, or under certain circumstances may become liable therefor (*Matter of Long Beach Land Co.*, 101 App. Div. 159); or any owner may apply for division and apportionment, so each may pay his separate tax; and if justice requires it, such application should be granted. The rule is not different if part is exempt property.

An assessment is the determination of the value of a person's property for the purpose of levying a tax. (*People* v. *Weaver*, 100 U. S. 539, 545.) Assessment is now made directly on real estate (Tax Law, § 21, added by Laws of 1914, chap. 277, as amd. by Laws of 1916, chap. 323); and the name of the owner is for purposes of identification. (*Smith* v. *Russell*, 172 App. Div. 793, 797.) But it is common to speak of it as an assessment to the owner and he must pay the tax or take the risk of having his property sold. (Tax Law, § 150 *et seq.* as amd.)

In this case the land is properly assessable to the petitioner. (Tax Law, § 3.) The remaining portion is exempt from taxation. (Tax Law, § 4, subd. 1; *Van Brocklin* v. *State of Tennessee*, 117 U. S. 151.) These facts were known when the assessment was made. There is no law which compels a man against his will to be assessed for and pay a tax upon the property of another. (*Chapman* v. *City of Brooklyn*, 40 N. Y. 372; *Cottle* v. *Cary*, 73 App. Div. 54; affd., 173 N. Y. 624; 37 Cyc. 788.) There is here no question of acquiescence or estoppel. The petitioner might and perhaps should have sought its remedy, as it had before, by certiorari. To avail itself of that remedy it must institute proceedings within fifteen days after the tax rolls are completed and the required notice published.

(Charter, § 117, as amd. by Laws of 1917, chap. 504.)    The proceeding is statutory and technical (*People ex rel. Soeurbee* v. *Purdy*, 179 App. Div. 748; affd., 222 N. Y. 657); and the limitation of time often prevents its being available unless diligence is exercised. We think the remedy by certiorari is not exclusive.    A remedy such as is here sought is ordinarily addressed to the discretion of the court.    Control may, therefore, be had over cases arising in carelessness or failure to follow the usual method of review.

Application was duly made by petitioner to the assessors for division and apportionment.    They failed to act and petitioner asks for the relief provided by charter sections 118 and 119.

When the question of the right of the assessors to assess the entire property to petitioner was here on the former appeal, we refrained from calling their act illegal, but referred to it as " erroneous."    We said then that too much weight should not be placed on such distinctions.    With a decision binding upon them (*Sullivan* v. *Ringler & Co., No. 4*, 69 App. Div. 388) that the property in question was not assessable, they again made the same assessment.    There need be no further restraint in choice of words. The assessors no doubt were hopeful of reversal, and acted in their view of duty to the city.    For that, they may not be greatly criticised.    But their act, as all now admit, was not justified. If petitioner must now pay this large tax on property it does not own, it is for some reason other than original legality of assessment.

When assessors have jurisdiction they act judicially in determining the nature and value of property subject to assessment. Their mistakes and errors can be reviewed only by certiorari, which furnishes a remedy to a dissatisfied taxpayer.    Such assessments may not be attacked collaterally.    (*United States Trust Co.* v. *Mayor, etc., of New York*, 144 N. Y. 488.)    When there is jurisdiction of the property and person assessed, and the owner seeks relief for a mistake of fact or law made by the assessors, he is held to conform strictly to the remedy furnished (*People ex rel. Soeurbee* v. *Purdy, supra*); but only if timely objection is made.    (*People ex rel. Gleason* v. *Purdy*, 223 N. Y. 88.)    If assessors are without jurisdiction and act without authority, their acts are illegal and void.    They may not acquire jurisdiction by asserting it.    (*Albany & West Stockbridge R. R. Co.* v. *Town of Canaan*, 16 Barb. 244; *National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49, 58; *Elmhurst Fire Co.* v. *City of New York*, 213 id. 87.)

The assessors were without jurisdiction here.    The government property was wholly exempt, and assessment and tax could not be enforced by sale.    We may not say that officers so acting are guilty of fraud or design (*Brennan* v. *City of Buffalo*, 162 N. Y. 491),

but that their acts in so placing property on the assessment rolls constituted an error, clerical or otherwise, or a mistaken view of the law amounting to an illegality.

There is much argument by respondents that because the copies of the tax roll filed contained only a total assessment against petitioner, without separate items, there can now be no apportionment. Respondents call the original a " tentative pencil roll " and. says we may not consider it. There can be but one purpose for this insistence, and that is to so commingle the property that the petitioner must pay the entire tax. We think the assessment is shown by the original roll. The city, like the State, should not " seek to get money from the taxpayer by a sharp practice or the doubtful construction of a tax law," and its public records may be examined to determine the facts. (*People ex rel. Pierce-Arrow M. C. Co.* v. *Knapp*, 191 App. Div. 255, 258; affd., 229 N. Y. 629.)

There is no question of fact presented. We know the values of the respective properties under consideration for the assessors fixed the amounts by their official act. To allow the assessment to stand is to consent to a proposition manifestly unjust. It would compel petitioner to pay a tax on property which concededly it does not own, assessed at more than $3,000,000. That we must assent is urged solely because the court has no power to furnish a remedy. We do not take that view. It seems to us that a clear remedy is furnished by the statute. Where officials having authority refuse to act, the " high prerogative writ " of mandamus has always been available to rectify errors either of fact or law, and is an appropriate remedy here. (*People ex rel. Nostrand* v. *Wilson*, 119 N. Y. 515; *Matter of Montefiore Home* v. *Prendergast*, 159 App. Div. 644; affd., 211 N. Y. 549; *Matter of Brooklyn Children's Aid Society*, 166 App. Div. 852; affd., 215 N. Y. 705.)

At Special Term the learned court appears to have held as a matter of law that the order could not be granted. We reach a different conclusion. The petitioner may have other remedies — an action to have the tax annulled (*Elmhurst Fire Co.* v. *City of New York, supra*) or to recover a tax where payment is compelled by the wrongful act of tax officials. (*Horn* v. *Town of New Lots*, 83 N. Y. 100.) When another remedy exists a mandamus order may be granted or refused as a matter of discretion, when the right to the relief is clear. (*People ex rel. Treat* v. *Coler*, 56 App. Div. 459; affd., 166 N. Y. 144; *People ex rel. Frost* v. *New York Central & H. R. R. R. Co.*, 168 id. 187.) If such discretion is necessary, we will exercise it here to furnish relief directly without delay and circuity, so that the decision heretofore made respecting this property may be given effect.

The order appealed from should be reversed, with costs, and a peremptory order of mandamus granted, directing the assessors to apportion the property assessable to the petitioner, so that the lands owned by it be divided from the property owned by the United States, and be separately assessed in the sum of $147,220; and that the buildings and improvements be entered upon the assessment rolls as exempt property of the United States; and that the assessors rectify the error on the assessment rolls accordingly.

HUBBS, P. J., CLARK and TAYLOR, JJ., concur; SEARS, J., not voting.

Order reversed on the law, with costs and disbursements, and peremptory order of mandamus granted, directing the assessors to apportion the property assessable to the relator [petitioner] in accordance with the opinion.